IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T TRADING, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-0252-L |
| | § | |
| KIN PROPERTIES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Kin Properties, Inc.'s ("Defendant") Motion to Dismiss D& T Trading, Inc.'s Complaint (Doc.4), filed January 30, 2015; and Kin Properties, Inc.'s Motion for Sanctions (Doc. 7), filed February 25, 2015. For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss D&T Trading, Inc.'s Complaint, and **denies** Defendant's Motion for Sanctions.

Plaintiff D & T Trading, Inc. ("Plaintiff") originally brought this action on December 31, 2014, in state court against Defendant. Plaintiff asserts claims for fraud, statutory fraud, and negligent misrepresentation. The action was removed to federal court on January 26, 2015. Plaintiff's claims arise from the execution of a rental lease between Plaintiff and Defendant. In May 2002, Plaintiff entered into a lease agreement with Defendant. The lease included a "right of first refusal" provision. Plaintiff alleges that it negotiated with Defendant specifically for the right of first refusal provision and would not have entered into the lease without it. Plaintiff contends that Defendant fraudulently withheld the true owner of the leased property from Plaintiff, thereby making the right of first refusal provision worthless.

On January 30, 2015, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 25, 2015, Defendant moved to impose sanctions on Plaintiff. On April 21, 2015, the motions were referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on August 5, 2015, recommending that the court grant Defendant's Motion to Dismiss and deny its Motion for Sanctions. Plaintiff filed nine objections to findings and conclusions in the Report on August 19, 2015, to which Defendant responded on September 2, 2015. The court overrules eight objections and sustains one.

Plaintiff first objects to the finding that the lease never mentioned Defendant as owner of the property. The court agrees with the magistrate judge that the lease never identifies Defendant as the owner. Defendant is identified as the landlord throughout the lease; the term "owner" is never used to describe Defendant. "Landlord" is defined as "[s]omeone who rents a room, building, or piece of land to someone else." *Black's Law Dictionary* 1010 (10th ed. 2014). The term does not presuppose ownership, as Plaintiff contends. The court, therefore, **overrules** this objection.

Second, Plaintiff objects to the finding that the lease lists Jasan Trust as owner of the property. The court agrees with the magistrate judge that the lease lists Jasan Trust as the owner once. The court, therefore, **overrules** this objection.

Third, Plaintiff objects to the finding that it did not plead that Defendant made statements outside the lease in an attempt to affirmatively conceal the true owner. The court agrees with the magistrate judge. Plaintiff's pleadings and objections state that Defendant held itself out as the owner of the property; however, neither points to explicit statements of ownership made by Defendant. In its objections, Plaintiff also points to the negotiation process of the right of first

**Memorandum Opinion and Order - Page 2**

refusal provision as indicative of ownership; however, Plaintiff fails to provide statements of ownership made by Defendant. The magistrate judge's finding is correct, and Plaintiff does not provide statements apart from those contained in the lease that show an effort to conceal ownership. Therefore, the court **overrules** this objection.

Fourth, Plaintiff objects to the finding that the right of first refusal is factually irrelevant to the case. The magistrate judge's decision did not turn on the merits of the case, as she determined Plaintiff's claims were barred by the statute of limitations. Plaintiff misconstrues the magistrate judge's footnote regarding the speculative nature of a right of first refusal. Accordingly, the court **overrules** this objection.

Fifth, Plaintiff objects to the finding that Plaintiff's claims were not tolled by the discovery rule. The court agrees with the magistrate judge that ownership of the property was not inherently undiscoverable. The discovery rule does not apply when a party has not exercised due diligence. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011); *Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 313 (Tex. 2006). Plaintiff's response to Defendant's Motion to Dismiss cites case law expressing just that point. Pl.'s Resp. ¶ 27. As the magistrate judge concluded, Plaintiff and its representatives should have had knowledge of the contents of the lease contract before executing it. Parties are deemed to have knowledge of the contents of the contracts they sign. Plaintiff's contention that it was under no obligation to find out the true owner of the property is incorrect. The additional names listed in section 32 of the contract put Plaintiff on notice that Defendant was not the true owner of the property. Further, it is an exercise of reasonable diligence to inquire about the facts and assumptions on which the contract was based. *Tenet Healthcare Ltd. v. UniCare Health Plans of*

*Texas, Inc.*, 2008 WL 5101558 (S.D. Tex. 2008) (not reported). Therefore, the court **overrules** this objection.

Sixth, Plaintiff objects to the findings that the claims were not tolled by fraudulent concealment. The court agrees with the magistrate judge that fraudulent concealment does not apply in this case. Although Plaintiff did not plead fraudulent concealment, to the extent the magistrate judge determined that fraudulent concealment would not toll the statute of limitations, that determination is correct. "Fraudulent concealment will not . . . bar limitation when the plaintiff discovers the wrong or could have discovered it through the exercise of reasonable diligence." *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). As explained above, Plaintiff did not exercise reasonable diligence in the execution of the lease. Therefore, the court **overrules** this objection.

Seventh, Plaintiff objects the magistrate judge's incorrect quotation of *Holland v. Thompson.* The court agrees with Plaintiff that the magistrate judge misquoted the case; however, the court agrees with the magistrate judge's analysis of the case. Report 5. Although, the court **sustains** this objection, the misquote by the magistrate judge does not alter the result.

Eighth, Plaintiff objects to the magistrate judge's application of the standard for 12(b)(6) motions. Plaintiff alleges that the magistrate judge did not properly apply the legal standard for 12(b)(6) motion to dismiss. The court agrees with the magistrate judge's application of the legal standard. Accordingly, the court **overrules** this objection.

Finally, Plaintiff objects to the conclusion that Defendant's motion to dismiss be granted, and the conclusion that granting leave to amend would be futile. The court agrees with the magistrate judge's conclusion. The decision to grant leave is left to the discretion of the district court. Plaintiff pleaded its best case, and the facts, taken as true, do not give rise to the application of the discovery

rule. The court agrees that Plaintiff's claims are barred by the statute of limitations, and, therefore, barred as a matter of law. In other words, Plaintiff cannot plead any set of facts that would warrant tolling of the statute of limitations because of the discovery rule or fraudulent concealment. Accordingly, the court **overrules** this objection.

After carefully considering Defendant's motion, Plaintiff's response, Defendant's reply, the pleadings, the Report, Plaintiff's objections, Defendant's response to the objections and the applicable case law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, Defendant's Motion to Dismiss D&T Trading, Inc.'s Complaint is **granted**, this action is **dismissed with prejudice**, and Defendant's Motion for Sanctions is **denied**. The court will issue a judgment by a separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 23rd day of September, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge